# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Sarah Washco<br>        <u>Debtor</u> | CHAPTER 13 |
| U.S. Bank Trust National Association, not in its individual capacity but solely as Delaware trustee and U.S. Bank National Association, not in its individual capacity but solely as Co-Trustee for Government Loan Securitization Trust 2011-FV1,<br>        <u>Movant</u><br>vs. | NO. 19-17850 AMC<br><br>11 U.S.C. Section 362 |
| Sarah Washco<br>        <u>Debtor</u> | |
| Scott F. Waterman, Esquire<br>        <u>Trustee</u> | |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$8,844.66,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | September 2020 through December 2020 at $1,243.53/month<br>January 2021 through March 2021 at $1,290.18/month |
| **Total Post-Petition Arrears** | **$8,844.66** |

2. The Debtor(s) shall cure said arrearages in the following manner;

    b). Beginning April 1, 2021 and continuing through September 2021, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$1,290.18** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment

payment of **$1,474.11** towards the arrearages on or before the last day of each month at the address below:

Specialized Loan Servicing, LLC
6200 S. Quebec Street
Greenwood Village, Colorado 80111

      c).    Maintenance of current monthly mortgage payments to the Movant thereafter.

      3.    Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

      4.    In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay. In the event of a second default pursuant to the terms of this Stipulation, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

      5.    The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

      6.    If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

      7.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: March 10, 2021  /s/Rebecca A. Solarz, Esq.
Rebecca A. Solarz, Esq.
Attorney for Movant

Date: March 12, 2021
Lawrence S. Rubin Esq.
Attorney for Debtor(s)

Date: March 23, 2021  /s/ Polly A. Langdon, Esquire, for
Scott F. Waterman, Esq.
Chapter 13 Trustee

Approved by the Court this ___ day of _____, 2021. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Ashely M. Chan